UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAXFUL, INC.,<br><br>                    Plaintiff,<br><br>     -against-<br><br>JAN STRANDBERG,<br><br>                    Defendant. | Index No. _____<br><br>**COMPLAINT** |

      Paxful, Inc. ("Paxful") is the plaintiff.  It files this complaint against the defendant, Jan Strandberg ("Strandberg").

## INTRODUCTION

      1.     Strandberg has failed to repay profit share payments that he received from Paxful in excess of the actual profit share amounts to which he was entitled.  Quasi-contractual claims for restitution are implicated.

      2.     Paxful is one of the largest and most innovative cryptocurrency marketplaces in the world.  Millions of registered users around the globe buy, sell, and transfer Bitcoin and other digital currencies through Paxful's website and mobile applications.

      3.     Strandberg was a former marketing consultant to Paxful or its affiliates.  He was well compensated and received substantial stock options.

      4.     Paxful and Strandberg agreed that he would be entitled to receive a percentage share of Paxful's net profits.  Paxful complied with its obligations under this agreement.

      5.     In 2020, Paxful discovered that it had mistakenly made excessive profit share payments to Strandberg, in the total excess amount of $83,913.19.

6. Paxful seeks repayment of the excess profit share payments through claims for unjust enrichment, payment by mistake, and money had and received.

## THE PARTIES

7. Paxful is a corporation organized under the laws of Delaware, with its principal place of business in New York, New York.

8. Upon information and belief, Lukkonnen resides in Tallinn, Estonia. Strandberg is a former consultant to Paxful or its affiliates.

## JURISDICTION

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Paxful is a Delaware corporation with its principal place of business in New York City, and Strandberg is a citizen of Finland who resides in the Republic of Estonia. Therefore, complete diversity of citizenship exists. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

10. Venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

11. This Court has jurisdiction over Strandberg by virtue of his purposeful activities in New York and the substantial relationship between the excess profit payments at issue and the claims asserted in this action.

## FACTUAL ALLEGATIONS

**Paxful's Business & Strandberg's Role**

12. Paxful is a leader in the cryptocurrency industry. Its website and mobile applications provide a marketplace for the purchase and sale of Bitcoin and other digital

currencies.

13. Strandberg was a key marketing consultant to Paxful or its affiliates.

14. Strandberg was well compensated for his services by Paxful or its affiliates, and he received substantial stock options.

**The Paxful-Strandberg Profit Sharing Agreement, and
Strandberg's Failure to Repay Excess Profit Payments**

15. In approximately 2016, Paxful and Strandberg agreed that Paxful would pay Strandberg profit payments equal to 1.5% of Paxful's net profits for each Paxful fiscal year (the "Profit Sharing Agreement").  "Net profits" meant the net operating income of Paxful and its affiliates, determined by GAAP on a consolidated basis.

16. Under the Profit Sharing Agreement, Paxful made profit share payments to Strandberg.

17. Paxful made the profit share payments on a monthly basis, mainly if not entirely through Bitcoin transfers to Strandberg.  Paxful determined the amount of the monthly payments using reasonable estimates of its expected net profits.

18. Paxful made many of the profit share payments from its Finance Department in New York City.  Strandberg had multiple calls, meetings, and electronic communications about his profit share payments with Paxful executives or Finance Department employees when those executives and employees were in New York City.

19. Over the course of the partial fiscal year from August 2018 through December 2018, and over the course of the fiscal year from January 2019 through December 2019, Paxful reasonably estimated the profit payments to Strandberg at an aggregate total of $172,603.98.  Based on those reasonable estimates, Paxful paid to Strandberg that same total amount.

20. Based on a later review of audited financial statements, however, Paxful determined that its actual net profits for the fiscal time periods were lower than the amount it had estimated. Paxful also determined that, as a result, its estimated profit share payments to Strandberg exceeded the true profit share payments to which the Profit Sharing Agreement entitled him. The total of the excess payments over the three fiscal years was $83,913.19 (the "Excess Profit Payments").

21. By letter dated November 5, 2020, Paxful notified Strandberg of its determinations, informed him that he had been unjustly enriched at Paxful's expense, and demanded that he repay the Excess Profit Payments by no later than December 31, 2020.

22. To date, Strandberg has failed and refused to repay the Excess Profit Payments.

**FIRST CAUSE OF ACTION**
**(Unjust Enrichment)**

23. Paxful repeats and realleges the allegations set forth in paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. A benefit has been conferred on Strandberg by and at the expense of Paxful, in the form of the Excess Profit Payments. Under the circumstances of this case, it would be inequitable and against good conscience for Strandberg to retain such benefit without payment of value.

25. As a result of the conduct described above, Strandberg has been and will be unjustly enriched at the expense of Paxful.

26. Strandberg is accordingly liable to Paxful for unjust enrichment and should be required to disgorge his unjust enrichment, in the amount of the Excess Profit Payments, i.e., $83,913.19, together with accruing pre-judgment interest.

## SECOND CAUSE OF ACTION
### (Payment by Mistake)

27. Paxful repeats and realleges the allegations set forth in paragraphs 1 through 26 of this Complaint as if they were fully set forth herein.

28. Paxful made the Excess Profit Payments to Strandberg as a result of a mistaken apprehension of fact in its calculations of expected net profits.

29. Strandberg derived a benefit as a result of this mistake.

30. Equity demands restitution by Strandberg to Paxful.

31. Strandberg is therefore liable to Paxful for repayment of the Excess Profit Payments, under Paxful's mistake of fact, in the amount of $83,913.19, together with accruing pre-judgment interest.

## THIRD CAUSE OF ACTION
### (Money Had and Received)

32. Paxful repeats and realleges the allegations set forth in paragraphs 1 through 31 of this Complaint as if they were fully set forth herein.

33. The Excess Profit Payments received by Strandberg were wrongfully distributed by Paxful; in actuality, the money belonged to Paxful, not to Strandberg.

34. Strandberg benefited from his receipt of the Excess Profit Payments.

35. Under principles of equity and good conscience, Strandberg should not be permitted to keep the Excess Profit Payments, and Paxful is entitled to recover that amount.

36. Accordingly, Strandberg is liable to Paxful for money had and received, and should be required to repay to Paxful all monies rightfully belonging to it, in the total amount of $83,913.19, together with accruing pre-judgment interest.

**DEMAND FOR RELIEF**

WHEREFORE, Paxful respectfully requests that the Court enter judgment as follows:

1. Awarding damages on the First, Second, and Third Causes of Action, against Strandberg and in favor of Paxful, in the amount of $83,913.19, together with accruing pre-judgment interest at the statutory rate of 9% per annum until the date of entry of judgment; and

2. Awarding Paxful such other and further relief as may be appropriate.

Dated: New York, New York
April 15, 2021

BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP

*/s/ Gregory P. Feit*
By: _____
  Zeb Landsman
  Gregory P. Feit
299 Park Avenue
New York, New York 10171
(212) 888-3033
zlandsman@beckerglynn.com
gfeit@beckerglynn.com

*Attorneys for Plaintiff Paxful, Inc.*