UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
PAXFUL, INC.,                                    :
                                                 :
                          Plaintiff,             :
                                                 :        No. 21-cv-3331 (PGG)(SN)
         -against-                               :
                                                 :
JAN STRANDBERG,                                  :
                                                 :
                          Defendant.             :
-----------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S <u>MOTION TO DISMISS THE COMPLAINT</u>

BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP

299 Park Avenue, 16th Floor
New York, New York 10171
(2l2) 888-3033

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION .............................................................................................................1

PRELIMINARY STATEMENT ........................................................................................1

FACTS ..............................................................................................................................2

ARGUMENT ....................................................................................................................4

Standard of Review ..........................................................................................................4

I.      Paxful Adequately Pleads Subject Matter Jurisdiction .........................................4

II.     Paxful Alleges Facts Sufficient to Establish Personal Jurisdiction .....................6

III.    The Complaint Sets Forth Plausible Facts Sufficient to State a Claim for
        Relief on Quasi-Contractual Causes of Action ....................................................9

IV.     International Comity Concerns Are Not Implicated Here .....................................13

CONCLUSION ..............................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                        <u>Page</u>

*105 Mt. Kisco Associates LLC v. Carozza*,
   2019 WL 6998008 (S.D.N.Y. Dec. 20, 2019) ......................................................... 12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................................... 9

*Astor Chocolate Corp. v. Elite Gold Ltd.*,
   510 F. Supp. 3d 108 (S.D.N.Y. 2020) ........................................................................ 7

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*,
   902 F.2d 194 (2d Cir. 1990) ........................................................................................ 7

*Banque Worms v. BankAmerica Int'l*,
   77 N.Y.2d 362, 568 N.Y.S.2d 541 (1991) ............................................................... 10

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 554 (2007) ...................................................................................................... 9

*Bialek v. Racal Milgo, Inc.*,
   545 F. Supp. 25 (S.D.N.Y. 1982) ............................................................................... 7

*Byxbie v. Wood*,
   24 N.Y. 607 (1862) ..................................................................................................... 12

*Carlson v. Cuevas*,
   932 F. Supp. 76 (S.D.N.Y. 1996) ............................................................................... 8

*Carter v. Stanton*,
   405 U.S. 669 (1972) ...................................................................................................... 9

*Chase Manhattan Bank, N.A. v. Am. Nat. Bank and Trust Co. of Chicago*,
   93 F.3d 1064 (2d Cir. 1996) ........................................................................................ 5

*Cohen v. City Co. of New York*,
   283 N.Y. 112, 27 N.E.2d 803 (1940) ....................................................................... 12

*Daldan, Inc. v. Deutsche Bank Nat'l Tr. Co.*,
   188 A.D.3d 989, 139 N.Y.S.3d 407 (2d Dep't 2020) .............................................. 11

*Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.*,
    7 N.Y.3d 65, 71–72, 818 N.Y.S.2d 164, 167 (2006)……………………………………………..8

*Dillon v. U-A Columbia Cablevision of Westchester, Inc.*,
    100 N.Y.2d 525, 760 N.Y.S.2d 726 (2003) .............................................................. 11

*Direct Mail Prod. Servs. Ltd. v. MBNA Corp.*,
    2000 WL 1277597 (S.D.N.Y. Sept. 7, 2000) .......................................................... 15

*Festa v. Local 3 Intern. Broth. Of Elec. Workers*,
    905 F.2d 35 (2d Cir. 1990) ...................................................................................... 10

*Fischbarg v. Doucet*,
    9 N.Y.3d 375, 379-80, 849 N.Y.S.2d 501, 505 (2007)……………………………………………..8

*Friar v. Vanguard Holding Corp.*,
    78 A.D.2d 83, 434 N.Y.S.2d 698 (2d Dep't 1980) ................................................. 12

*Houbigant, Inc. v. Dev. Specialists, Inc.*,
    229 F. Supp. 2d 208 (S.D.N.Y. 2002) ....................................................................... 5

*Kestenbaum v. Suroff*,
    268 A.D.2d 560, 704 N.Y.S.2d 260 (2d Dep't 2000) ............................................. 13

*MacDermid, Inc. v. Deiter*,
    702 F.3d 725 (2d Cir. 2012)....................................................................................... 7

*Mandarin Trading Ltd. v. Wildenstein*,
    16 N.Y.3d 173, 919 N.Y.S.2d 465 (2011) .............................................................. 10

*Manufacturers Hanover Tr. Co. v. Chem. Bank*,
    160 A.D.2d 113, 559 N.Y.S.2d 704 (1st Dep't 1990)............................................. 11

*Marine Midland Bank, N.A. v. Miller*,
    64 F.2d 899 (2d Cir. 1981)......................................................................................... 6

*Marini v. D'Apolito*,
    162 A.D.2d 391, 557 N.Y.S.2d 45 (1st Dep't 1990)............................................... 13

*NuMSP, LLC v. St. Etienne*,
    462 F. Supp. 3d 330 (S.D.N.Y. 2020) ................................................................... 4, 7

*Olympic Corp. v. Societe Generale,*
    462 F.2d 376 (2d Cir. 1972) ............................................................. 14

*Paramount Film Distributing Corp. v. State,*
    30 N.Y.2d 415, 334 N.Y.S.2d 388 (1972) ....................................... 10

*Parke-Bernet Galleries, Inc. v. Franklyn,*
    26 N.Y.2d 13, 308 N.Y.S.2d 337 (1970) ........................................... 8

*Parsa v. State,*
    64 N.Y.2d 143, 485 N.Y.S.2d 27 (1984) ..................................... 11-12

*Salisbury v. Salisbury,*
    175 A.D.2d 462, 572 N.Y.S.2d 745 (3d Dep't 1991) ........................ 12

*Scherer v. Equitable Life Assurance Soc'y of the U.S.,*
    347 F.3d 394 (2d Cir. 2003) ........................................................... 5, 6

*St. Paul Mercury Indem. Co. v. Red Cab Co.,*
    303 U.S. 283 (1938) ........................................................................ 5, 6

*Staron v. McDonald's Corp.,*
    51 F.3d 353 (2d Cir. 1995) ................................................................. 9

*Thompson v. Cnty. of Franklin,*
    15 F.2d 245 (2d Cir. 1994) ................................................................. 4

*Todaro v. Orbit Intern. Travel, Ltd.,*
    755 F. Supp. 1229 (S.D.N.Y. 1991) ................................................. 12

*Tongkook Am., Inc. v. Shipton Sportswear Co.,*
    14 F.3d 781 (2d Cir. 1994) ................................................................. 5

*Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa,*
    428 F. Supp. 1237 (S.D.N.Y. 1977) ................................................. 14

*Warth v. Seldin,*
    422 U.S. 490 (1975) ........................................................................... 4

*Wolde-Meskel v. Vocational Instruction Project Community Services, Inc.,*
    166 F.3d 59 (2d Cir. 1999) ................................................................. 5

*Yurman Designs, Inc. v. A.R. Morris Jewelers, LLC,*
   41 F. Supp. 2d 453 (S.D.N.Y. 1999) ............................................................ 8

*Zacharia v. Harbor Island Spa, inc.,*
   684 F.2d 199 (2d Cir. 1982) ...................................................................... 5

<u>Statutes & Rules</u>

28 U.S.C. § 1332 ............................................................................................ 4, 6

28 U.S.C. § 1332(a) ........................................................................................ 4

C.P.L.R. § 301(a)(1) ...................................................................................... 8

C.P.L.R. § 302 ................................................................................................ 8

Fed. R. Civ. P. 8(a)(1) .................................................................................... 4, 6

Fed. R. Civ. P. 11 ............................................................................................ 7

Fed. R. Civ. P.  12(b)(1) ................................................................................ 4, 5

Fed. R. Civ. P.  12(b)(2) ................................................................................ 4, 6, 7

Fed. R. Civ. P.  12(b)(6) .......................................................................... 4, 9 & n.2

Fed. R. Civ. P. 12(d) ...................................................................................... 9

## INTRODUCTION

This is the memorandum of Paxful, Inc. ("Paxful") in opposition to the motion of Jan Strandberg to dismiss Paxful's claims.

## PRELIMINARY STATEMENT

Paxful adequately pleads subject matter jurisdiction because it alleges diversity jurisdiction in good faith. First, Paxful alleges diversity of citizenship between itself and the non-domiciliary defendant Strandberg, who is a citizen of Finland and resides in the Republic of Estonia. Second, Paxful alleges an amount in controversy exceeding the jurisdictional amount of $75,000 in good faith. Paxful obtained the specific amount during an audit years after making the excess profit payments that are the subject of this lawsuit. Strandberg cannot show to a legal certainty that the amount in controversy does not meet the jurisdictional threshold. He speculates instead that Paxful itself speculated the amount in controversy.[1]

Paxful also alleges facts sufficient to establish personal jurisdiction—namely, that Strandberg transacted business in New York. He did so by making multiple phone calls, participating in meetings, and emailing executives in New York. Strandberg personally availed himself of the privilege of doing business in New York when doing so. This alone is enough to confer personal jurisdiction.

The complaint sets forth plausible facts sufficient to state a claim for relief on quasi-contractual causes of action. Quasi-contractual claims rely not on the existence of an enforceable contract but on the equitable principle that one should not enrich oneself unjustly and at the expense of another. Paxful alleges that it entered into an agreement with Strandberg by which it

---

[1] Paxful disputes Strandberg's attempt at character assassination of its founders. Strandberg's attempt to introduce such allegations, which are wholly irrelevant to the issues at hand in this motion to dismiss, is improper and will be addressed at the appropriate time.

would make certain profit payments based on a reasonable estimate of its net profits any given fiscal year.  Upon determining that it had overpaid Strandberg, after conducting an audit, Paxful demanded that Strandberg return the excess payments.  Strandberg then refused to do so, unjustly retaining the benefit of Paxful's payments at Paxful's expense.

International comity concerns are not implicated here, and the forum non conveniens doctrine generally favors the United States citizen's choice of forum.  Paxful's principal place of business is in New York, and there is no hint of forum shopping.  Strandberg would be unable to show that New York is so genuinely inconvenient and Estonia so significantly preferable that this Court should dismiss the action.  Further weakening Strandberg's argument, the evidence and witnesses relating to the excess profit payments are in New York, except for defendant himself. Fatal to Strandberg's argument is that the claims arise not out of his contract for services with Paxful's Estonian subsidiary, but out of his communications about profit payments with Paxful executives and Finance Department employees in New York.

### FACTS

These facts are taken from the Complaint and must be accepted as true for purposes of this motion:

Paxful is a leader in the cryptocurrency industry, with a website and mobile applications providing a marketplace for the purchase and sale of Bitcoin and other digital currencies. Complaint ¶ 12. Strandberg was a key marketing consultant to Paxful or its affiliates. Compl. ¶ 13. Strandberg was well compensated at Paxful or its affiliates, and received substantial stock options. Compl. ¶ 14.

In approximately 2016, Paxful and Strandberg agreed that Paxful would pay him profit payments equal to 1.5% of Paxful's net profits for each Paxful fiscal year (the "Profit Sharing

Agreement"). Compl. ¶ 15. The "net profits" meant the net operating income of Paxful and its affiliates, determined by GAAP on a consolidated basis. Compl. ¶ 15. Under the Profit Sharing Agreement, Paxful made monthly profit share payments to Strandberg mainly, if not entirely, through Bitcoin transfers. Compl. ¶¶ 16-17. Paxful determined the amount of monthly payments using reasonable estimates of its expected net profits. Compl. ¶ 17. Strandberg had multiple phone calls, meetings, and electronic communications about his profit share payments with Paxful executives or Finance Department employees when those executives and employees were in New York City. Compl. ¶ 18.

During the partial fiscal year spanning August 2018 through December 2018, and the January through December 2019 fiscal year, Paxful reasonably estimated the profit payments to Strandberg at an aggregate total of $172,603.98 and paid that amount to him. Compl. ¶ 19. A later review of audited financial statements, however, revealed that Paxful's net profits for the fiscal year were lower than the amount it had estimated. Compl. ¶ 20. Paxful also determined that, as a result, its estimated profit share payments to Strandberg exceeded the true profit share payments to which the Profit Sharing Agreement entitled him. Compl. ¶ 20. The total of the excess payments over the fiscal years was $83,913.19 (the "Excess Profit Payments").

By letter dated November 5, 2020, Paxful notified Strandberg of its determinations, informed him he had been unjustly enriched at Paxful's expense, and demanded he repay the Excess Profit Payments no later than December 31, 2020. Compl. ¶ 21. To date, Strandberg has failed and refused to repay the Excess Profit Payments. Compl. ¶ 22.

## ARGUMENT

### Standard of Review

When reviewing a motion to dismiss, whether under Rule 12(b)(1) or Rule 12(b)(6), the Court must "accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Thompson v. Cnty. of Franklin*, 15 F.2d 245, 249 (2d Cir. 1994) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). With a Rule 12(b)(2) motion, the standard differs only insofar as the court must resolve all doubts in plaintiff's favor and "accept the allegations in the Complaint as true to the extent they are uncontroverted by defendants' affidavits, which the district court may also consider." *NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 341 (S.D.N.Y. 2020) (cleaned up).

Federal courts have original jurisdiction under the diversity statute over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

I.    Paxful Adequately Pleads Subject Matter Jurisdiction

Federal courts have original jurisdiction under the diversity statute ("diversity jurisdiction") over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Paxful successfully pleads diversity jurisdiction. Its complaint includes "a short and plain statement of the grounds for the court's jurisdiction" by alleging complete diversity of citizenship between Paxful, a Delaware Corporation with its principal place of business in New York City, and Strandberg, a citizen of Finland who resides in the Republic of Estonia. 28 U.S.C. § 1332; Fed. R. Civ. P. 8(a)(1); Compl. ¶ 9. Paxful satisfied the amount in controversy requirement by pleading in good faith that the amount in controversy exceeds the jurisdictional amount of

4

$75,000.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) ("unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith"); Compl. ¶ 9.  Later in the complaint, Paxful claims the total amount of Excess Profit Payment it is seeking to recover from Strandberg is $83.913.19, exceeding the amount in controversy threshold.  Compl. ¶ 20.

Although to survive a motion to dismiss under 12(b)(1) a plaintiff "generally has the burden, once challenged, of proving by a preponderance of the evidence that jurisdiction exists," *Houbigant, Inc. v. Dev. Specialists, Inc.*, 229 F. Supp. 2d 208, 213 (S.D.N.Y. 2002), Strandberg cannot rebut the amount in controversy "to a legal certainty that the amount recoverable does not meet the jurisdictional threshold," *Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003), the "high bar" for overcoming the presumption that the complaint has alleged a sufficient amount in controversy. *Chase Manhattan Bank, N.A. v. Am. Nat. Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070-71 (2d Cir. 1996) ("the legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim") (internal quotations and citations omitted). "[E]ven where those allegations [by plaintiff] leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted." *Zacharia v. Harbor Island Spa, inc.*, 684 F.2d 199, 202 (2d Cir. 1982).  This is because "[w]here the damages sought are uncertain, the doubt should be resolved in favor of the plaintiff's pleadings." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994).

Simply arguing that the amount Paxful alleged is speculative, when the complaint alleges that Paxful obtained this number after an audit, is not enough. *See Wolde-Meskel v. Vocational Instruction Project Community Services, Inc.*, 166 F.3d 59, 63 (2d Cir. 1999) (reversing dismissal where defendant's success on summary judgment on one claim failed to show the amount in

controversy was never in controversy) ("Legal certainty is analyzed by what appears on the face of the complaint; subsequent events—such as a valid defense offered by the defendant, or actual recovery in an amount less than the minimum jurisdictional amount—do not show plaintiff's bad faith or oust the jurisdiction.") (cleaned up).

Paxful's complaint includes "a short and plain statement of the grounds for the court's jurisdiction" by alleging complete diversity of citizenship between Paxful, a Delaware Corporation with its principal place of business in New York City, and Strandberg, a citizen of Finland and resident of Estonia. 28 U.S.C. § 1332; Fed. R. Civ. P. 8(a)(1); Compl. ¶ 9. Paxful satisfied the amount in controversy requirement by pleading in good faith that the amount in controversy exceeds the jurisdictional amount of $75,000. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) ("unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."); Compl. ¶ 9. Paxful claims the total amount of Excess Profit Payment it is seeking to recover from Strandberg is $83,913.19, exceeding the amount in controversy threshold. Compl. ¶ 20. Strandberg cannot rebut the amount in controversy "to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." *Scherer v. Equitable Life Assurance Soc'y of the U.S.,* 347 F.3d 394, 397 (2d Cir. 2003). Instead, he simply argues that the amount is speculative, when it is alleged that Paxful obtained this number after an audit.

## II.    Paxful Alleges Facts Sufficient to Establish Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction Paxful's "prima facie showing suffices, notwithstanding any controverting presentation by the moving party, to defeat the motion." *Marine Midland Bank, N.A. v. Miller*, 64 F.2d 899, 904 (2d Cir. 1981). "On a 12(b)(2) motion, the Court must construe the pleadings and affidavits in the light most favorable to plaintiff,

resolving all doubts in its favor and ***must accept the allegations in the Complaint as true to the extent they are uncontroverted by defendants' affidavits***, which the district court may also consider." *NuMSP, LLC*, 462 F. Supp. 3d at 341 (emphasis added; cleaned up). "Before jurisdictional discovery, a plaintiff's prima facie showing of jurisdiction may be established solely by allegations." *Astor Chocolate Corp. v. Elite Gold Ltd.*, 510 F. Supp. 3d 108, 121 (S.D.N.Y. 2020) (internal quotations omitted); *see also MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012) (brackets omitted) ("Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits."); *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990) ("Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, *see* Fed. R. Civ. P. 11, legally sufficient allegations of jurisdiction. At that preliminary stage, the plaintiff's prima facie showing may be established solely by allegations."). However, "[t]he plaintiff in opposing a 12(b)(2) motion cannot rely merely on conclusory statements or allegations; rather, the prima facie showing must be factually supported." *NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 341 (S.D.N.Y. 2020) (internal citations omitted). Personal jurisdiction over a non-resident defendant is "determined by reference to the law of the state where the district court sits." *Bialek v. Racal Milgo, Inc.*, 545 F. Supp. 25, 31 (S.D.N.Y. 1982).

Determining personal jurisdiction over a non-resident defendant under New York law is a two-step inquiry, evaluating (1) "whether New York law provides a basis for exercising personal jurisdiction over the defendant," and (2) "whether exercising jurisdiction over the defendant would offend due process." *Yurman Designs, Inc. v. A.R. Morris Jewelers, LLC*, 41 F. Supp. 2d 453

(S.D.N.Y. 1999).  Physical presence in the state is not required for personal jurisdiction under C.P.L.R. § 302 since, "particularly in this day of instant long-range communications, one can engage in extensive purposeful activity here without ever actually setting foot in the state." *Parke-Bernet Galleries, Inc. v. Franklyn*, 26 N.Y.2d 13, 17, 308 N.Y.S.2d 337, 340 (1970) (finding an out-of-state defendant's one-time phone call to actively participate in a New York auction was enough to subject him to New York jurisdiction)); *see also Carlson v. Cuevas*, 932 F. Supp. 76, 78 (S.D.N.Y. 1996) ("If the purpose of the [phone] calls is for the defendant to actively participate in business in New York, then they alone may support a finding of New York long arm jurisdiction under C.P.L.R. § 301(a)(1)."); *Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.*, 7 N.Y.3d 65, 71–72, 818 N.Y.S.2d 164, 167 (2006) (holding that party's electronic and telephonic means of projection into New York to conduct transactions are sufficient for finding purposeful activity conferring personal jurisdiction); *Fischbarg v. Doucet*, 9 N.Y.3d 375, 379-80, 849 N.Y.S.2d 501, 505 (2007)  (concluding that communications by telephone, fax, and email were sufficient predicate for personal jurisdiction).

Paxful alleges facts sufficient to establish personal jurisdiction.  Reading the complaint in a light most favorable to the plaintiff, Strandberg had extensive communications about his profit share payments with Paxful executives and Finance Department employees based in New York City.  Compl. ¶ 18.  The complaint does not assert unilateral activities by Paxful directed toward Strandberg, contrary to his claims.   Instead, the complaint alleges that he had extensive communications about his profit share payments with Paxful executives and Finance Department employees based in New York City.  Compl. ¶ 18.  Through such contacts, Strandberg projected himself into New York in a way that he purposefully availed himself of the privilege of conducting business in New York.  *See Parke-Bernet Galleries*, 26 N.Y.2d at 17, 308 N.Y.S.2d at 340-43.

That is enough to confer personal jurisdiction, especially where New York is Paxful's principal place of business, where it had the net profits that are the subject of this litigation, and where Paxful suffered damages.

Although Strandberg submits a declaration in supposed support of his motion, his evidence does not challenge or controvert Paxful's grounds for personal jurisdiction:  that there were multiple phone calls and emails into New York with New York employees working for a New York company discussing payment from a New York company.  In other words, even assuming all of Strandberg's declaration statements are true, Paxful's claims survive his motion to dismiss based on the unrefuted allegations of the complaint.

III.    The Complaint Sets Forth Plausible Facts Sufficient to State a Claim for Relief on Quasi-Contractual Causes of Action

Paxful's complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" to survive this motion to dismiss for failure to state a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  Only if this Court is satisfied that "it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief" should it grant dismissal under Fed. R. Civ. P. 12(b)(6).  *Staron v. McDonald's Corp.*, 51 F.3d 353, 355 (2d Cir. 1995).  Although a Rule 12(b)(6) motion can convert to a Rule 56 motion for summary judgment under Rule 12(d) when the movant, as here, submits extrinsic evidence for consideration, doing so here would be moot given the genuine issues of material fact in play.  *See* Fed. R. Civ. P. 12(d);  *see also Carter v. Stanton*, 405 U.S. 669, 671 (1972) ("Under Rule 56 summary judgment cannot be granted unless there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.").  "The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the

complaint itself is legally sufficient." *Festa v. Local 3 Intern. Broth. Of Elec. Workers*, 905 F.2d 35, 37 (2d Cir. 1990). Even if the court does not exclude Strandberg's declaration, the declaration reveals a purported disagreement regarding the nature and origin of the payments at issue, but does not deny contacts with New York or perhaps more critically does not deny negotiating profit payments with individuals in New York.[2] *See* Strandberg Declaration.

Although Paxful's claims are exclusively quasi-contractual rather than contractual, Strandberg argues that the parties' Profit Sharing Agreement never existed. *See* Strandberg Declaration, at ¶¶ 12-13. Strandberg never denies having received profit share payments from Paxful. And if he persists in claiming that the agreement never existed, then Paxful may amend its complaint to seek the return of all profit payments made to him, not just the excess ones. When considering claims of unjust enrichment, the guiding principle "is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." *Paramount Film Distributing Corp. v. State*, 30 N.Y.2d 415, 421, 334 N.Y.S.2d 388, 393 (1972). To plead unjust enrichment, Paxful just needs to allege "that (1) the other party was enriched, (2) at that party's expense, and (3) that 'it is against equity and good conscient to permit [the other party] to retain what is sought to be recovered.'" *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182, 919 N.Y.S.2d 465 (2011).

The complaint alleges that the parties entered into a profit sharing agreement and that, after Paxful made a number of monthly, reasonable-estimate payments to Strandberg under that agreement, it realized it had mistakenly overpaid him. The complaint does not allege that Strandberg promised, as any part of the agreement, to return any Excess Profit Payments that

---

[2] To the extent this Court wishes to convert the 12(b)(6) claims to a motion for summary judgment, Paxful requests additional time to submit more evidence. Fed. R. Civ. P. 12(b)(6).

Paxful might make to him under that agreement; rather, the complaint seeks to recoup the Excess Profit Payments through claims for quasi-contractual relief. The complaint adequately alleges that, under the totality of the circumstances, it would be unjust for Strandberg to retain those Excess Profit Payments.

New York recognizes recovery of payments made under a mistake of fact. "Since A was mistaken in the assumption that he was indebted to B, the latter is not entitled to retain the money acquired by the mistake of the former, even though the mistake is the result of negligence." *Banque Worms v. BankAmerica Int'l*, 77 N.Y.2d 362, 266, 568 N.Y.S.2d 541, 543 (1991). This principle applies "even if the mistake is due to the negligence of the payor." *Manufacturers Hanover Tr. Co. v. Chem. Bank*, 160 A.D.2d 113, 117, 559 N.Y.S.2d 704, 707 (1st Dep't 1990).

Strandberg gets the doctrine of voluntary payments wrong as it applies here, by ignoring the allegations that Paxful paid the Excess Profit Payments based on a mistake of material fact. Even the cases Strandberg cites support Paxful's position that the voluntary payment doctrine does not bar its claim for payment by mistake. *Dillon v. U-A Columbia Cablevision of Westchester, Inc.*, 100 N.Y.2d 525, 526, 760 N.Y.S.2d 726, 727 (2003) ("That common-law doctrine bars recovery of payments voluntarily made **with full knowledge of the facts**, *and in the absence of fraud or mistake of material fact* or law.") (emphasis added).

On its face, the complaint alleges that Paxful paid Excess Profit Payments to Strandberg on a mistaken estimate of net profits during the fiscal year of 2017, a mistake that was not discovered until years later. Compl. ¶¶ 19-21. Paxful alleged it made the Excess Profit Payments with a mistake of fact, such that the voluntary payment doctrine does not bar the payment by mistake claim here. *See Daldan, Inc. v. Deutsche Bank Nat'l Tr. Co.*, 188 A.D.3d 989, 991-92, 139 N.Y.S.3d 407, 411 (2d Dep't 2020). Strandberg's argument that Paxful cannot claim it

11

overpaid him under a profit sharing agreement because he was a consultant at a Paxful affiliate in Estonia ("Paxful Estonia") is unavailing. While Strandberg's consultant agreement may have been with Paxful Estonia, it does not follow he could not have had a separate agreement to share the net profits of Paxful, particularly since Paxful Estonia and Strandberg provided critical services to Paxful.

An action based on money had and received is a quasi-contractual claim arising out of "an obligation which the law creates in the absence of agreement when one party possesses money that in equity and good conscience he ought not to retain and that belongs to another." *Parsa v. State*, 64 N.Y.2d 143, 148, 485 N.Y.S.2d 27, 30 (1984). This claim stands in the absence of a contract. "The essential elements of a cause of action for money had and received are (1) the defendant received money belonging to the plaintiff, (2) the defendant benefited from receipt of the money, and (3) under principles of equity and good conscience, the defendant should not be permitted to keep the money." *105 Mt. Kisco Associates LLC v. Carozza*, 2019 WL 6998008, at *13 (S.D.N.Y. Dec. 20, 2019) (cleaned up). There is no requirement for privity between the parties, contrary to Strandberg's assertions. *Salisbury v. Salisbury*, 175 A.D.2d 462, 463, 572 N.Y.S.2d 745, 746-47 (3d Dep't 1991). "'Having money that rightfully belongs to another, creates a debt; and wherever a debt exists without an express promise to pay, the law implies a promise; * * *'." *Cohen v. City Co. of New York*, 283 N.Y. 112, 115, 27 N.E.2d 803, 804 (1940) (quoting *Byxbie v. Wood*, 24 N.Y. 607, 610 (N.Y. 1862)). Besides privity of contract not being required, "whether defendant's original possession of the money was rightful or wrongful is immaterial." *Friar v. Vanguard Holding Corp.*, 78 A.D.2d 83, 89, 434 N.Y.S.2d 698, 702 (2d Dep't 1980). Strandberg's assertion that the profit share payments were just "a supplement to the compensation Neuralink received under the Contract for Services" are inappropriate on a motion to dismiss for failure to state a cause

of action, as those motions are decided based on the facts as alleged within the four corners of the complaint. Strandberg Declaration ¶ 13; *see also Todaro v. Orbit Intern. Travel, Ltd.*, 755 F. Supp. 1229 (S.D.N.Y. 1991).

Strandberg baselessly invokes the Statute of Frauds, arguing that the Profit Sharing Agreement could not have been performed within one year. Again, Paxful does not seek to recover the Excess Profit Payments on a breach of contract theory; arguments about the invalidity of the Profit Sharing Agreement are thus effectively irrelevant. Still, Paxful's allegations in no way suggest that the terms of the agreement precluded the possibility that it could have been performed within a year of its making. New York courts consistently hold that the one-year limitation may be "applied only to contracts which, by their terms, have absolutely no possibility of full performance within one year." *Marini v. D'Apolito*, 162 A.D.2d 391, 393, 557 N.Y.S.2d 45, 46 (1st Dep't 1990). Thus, wherever an agreement is conceivably susceptible of performance in a year, "in whatever manner and however impractical, the one-year provision of the statute is inapplicable, and the agreement is not barred." *Kestenbaum v. Suroff*, 268 A.D.2d 560, 561, 704 N.Y.S.2d 260, 262 (2d Dep't 2000). Here, the complaint alleges that Paxful made monthly profit sharing payments to Strandberg. Accordingly, it is entirely conceivable that the agreement could have been fully performed within one year: If, say, Strandberg's consultancy had terminated two months after the parties contracted, then the agreement would have similarly terminated at that point (since it was tied to his consultancy).

IV.    International Comity Concerns Are Not Implicated Here

No international comity concerns are implicated in this action. Estonia is not a litigant here, and the matter does not involve any parallel proceedings or any legal or factual issues that would possibly require deference to Estonian courts or Estonian law. There are simply no

13

exceptional circumstances that would justify this Court's surrendering of its jurisdiction.  Nor would dismissal be warranted based on forum non conveniens.  *Olympic Corp. v. Societe Generale*, 462 F.2d 376-79 (2d Cir. 1972) ("the need to apply foreign law is not in itself a reason to apply the doctrine of *forum non conveniens*").  Paxful's principal place of business is here and there is no hint of forum shopping; so the law affords a strong presumption in favor of plaintiff's choice of forum.  *Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428 F. Supp. 1237, 1253 (S.D.N.Y. 1977) ("Numerous cases analyzing forum non conveniens claims indicate that great weight must be given to the fact that the plaintiff is a United States citizen and New York resident.").

The private and public interest factors also do not weigh in Strandberg's favor, and he would be unable to show, as he must, that New York is so genuinely inconvenient and Estonia so significantly preferable that this Court should dismiss the action.  Among other things, evidence and witnesses relating to the Excess Profit Payments are, except for the defendant himself, located in New York; and New York law, not Estonian law, governs the dispute, since a New York plaintiff suffered harm in New York.  Still, even if Estonian law were to apply to the substantive issues, "the need to apply foreign law is not in itself a sufficient reason to apply the doctrine of forum non conveniens."  *Top Form Mills*, 428 F. Supp. 1237, 1253 (S.D.N.Y. 1977).  And even if relevant witnesses were in Estonia and "may have to be called here to testify at some expense and inconvenience, [that] similarly does not compel dismissal." *Id.*

Strandberg claims that Paxful and Paxful Estonia are so closely related that it warrants enforcing a forum selection clause in a Contract for Services between Strandberg's company Neuralink Goup OÜ and Paxful Estonia.  Strandberg, however, cites no standard for determining when a relationship is sufficiently close.  Even the case Strandberg cites does not support enforcing

14

the forum selection clause in his consultant agreement. The ability to enforce a forum selection clause depends not only on whether the nonsignatory is an intended third-party beneficiary, but also on whether the "claims ultimately hinge on rights and duties defined by the Agreement" containing the forum selection clause. *Direct Mail Prod. Servs. Ltd. v. MBNA Corp.*, 2000 WL 1277597, at *5 (S.D.N.Y. Sept. 7, 2000). Here, it is fatal to Strandberg's argument that the causes of action arise out of the Profit Sharing Agreement rather than the consultant agreement between Paxful Estonia and Strandberg.

## CONCLUSION

For the above reasons, Strandberg's motion to dismiss should be denied in its entirety.

Dated: New York, New York
      December 22, 2021

Respectfully submitted,

BECKER, GLYNN, MUFFLY, CHASSIN
& HOSINSKY LLP

*/s/ Ayo R. Alston-Moore*
By: _____
     Zeb Landsman
     Ayo R. Alston-Moore
     Gregory P. Feit
     299 Park Avenue, 16th Floor
     New York, New York 10171
     Tel.: (212) 888-3033
     zlandsman@beckerglynn.com
     aalstonmoore@beckerglynn.com

     *Attorneys for Paxful, Inc.*