UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAXFUL, INC.,

                Plaintiff,

    - against -

JAN STRANDBERG,

                Defendant.

**ORDER**

21 Civ. 3331 (PGG) (SN)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, Plaintiff Paxful, Inc. alleges that it "mistakenly made excessive profit share payments" to its former consultant, Defendant Jan Strandberg, and it seeks to recover the alleged excessive payments. (Cmplt. (Dkt. No. 1) ¶¶ 5-6, 8) Strandberg has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(6), and forum non conveniens. (Dkt. No. 27) This Court referred Strandberg's motion to Magistrate Judge Sarah Netburn for a Report and Recommendation ("R&R"). (Dkt. No. 39) Judge Netburn has issued an R&R, in which she recommends that this case be dismissed for lack of personal jurisdiction. (R&R (Dkt. No. 44)) Neither side has filed objections to the R&R.

        For the reasons stated below, this Court will adopt Judge Netburn's R&R, and this case will be dismissed without prejudice.

## BACKGROUND

### I. FACTUAL BACKGROUND

        Paxful, Inc. – a Delaware corporation headquartered in New York – operates an online cryptocurrency marketplace that is used to buy, sell, and transfer Bitcoin and other digital currencies. (Cmplt. (Dkt. No. 1) ¶¶ 2, 7, 9, 12) Jan Strandberg, a citizen of Finland who resides

in Estonia, is a former marketing consultant to Paxful or its affiliates. (Id. ¶¶ 3, 9, 13-14) In or about 2016, Paxful and Strandberg agreed that Paxful would pay Strandberg profit share payments equal to 1.5% of Paxful's net profits for each fiscal year. (Id. ¶ 15) Pursuant to this agreement, Paxful made monthly profit share payments to Strandberg. (Id. ¶ 16-17) Paxful determined the amount of these payments "using reasonable estimates of its expected net profits." (Id. ¶ 17) Payments were made primarily in Bitcoin, and were often made through Paxful's Finance Department in New York City. (Id. ¶¶ 17-18) Strandberg allegedly had "multiple calls, meetings, and electronic communications about his profit share payments with Paxful executives or Finance Department employees when those executives and employees were in New York City." (Id. ¶ 18)

Between August 2018 and December 2019, Paxful paid Strandberg a total of $172,603.98 in estimated profit share payments. (Id. ¶ 19) After conducting a financial audit, however, Paxful realized that its net profits from those fiscal years were lower than its prior estimates. (Id. ¶ 20) Paxful determined that the estimated profit share payments of $172,603.98 that it had made to Strandberg exceeded the true amount to which he was entitled under their profit share agreement. Strandberg received $83,913.19 in excess payments. (Id.)

In a November 5, 2020 letter, Paxful notified Strandberg that he had been "unjustly enriched," and demanded that Strandberg repay the excess amount of $83,913.19 by December 31, 2020. (Id. ¶ 21) To date, Strandberg has made no such payment. (Id. ¶ 22)

## II.    PROCEDURAL HISTORY

The Complaint was filed on April 15, 2021, and asserts claims for (1) unjust enrichment, (2) payment by mistake, and (3) money had and received. (Id. ¶¶ 23-36) Subject matter jurisdiction is predicated on diversity of citizenship. (Id. ¶ 9) On October 21, 2021,

Strandberg moved to dismiss for lack of personal jurisdiction, lack of subject matter jurisdiction, forum non conveniens, and failure to state a claim. (Dkt. No. 27) On January 28, 2022, this Court referred the motion to Judge Netburn for an R&R. (Dkt. No. 39) On June 21, 2022, Judge Netburn issued an R&R, in which she recommends that this Court dismiss this case for lack of personal jurisdiction. (R&R (Dkt. No. 44)) Neither side has filed objections to the R&R.

## DISCUSSION

### I.   LEGAL STANDARD

#### A.   Review of a Magistrate Judge's Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, no objections are filed to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v. Lynch, No. 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note). Moreover, the Second Circuit has made clear that a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision." (citation omitted)).

3

### B.     Fed. R. Civ. P. 12(b)(2)

"The plaintiff bears the burden of establishing that the court has jurisdiction over the defendant when served with a Rule 12(b)(2) motion to dismiss." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001) (citation omitted). The nature of the plaintiff's burden "varies depending on the procedural posture of the litigation." Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990). Prior to discovery, a plaintiff may carry this burden "by pleading in good faith . . . legally sufficient allegations of jurisdiction." Id. "A plaintiff can make this showing through his 'own affidavits and supporting materials' containing 'an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant.'" Whitaker, 261 F.3d at 208 (first quoting Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981); then quoting Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996)). While this Court may consider materials outside the pleadings, these materials must be "construed in the light most favorable to the plaintiff[,] and doubts are resolved in the plaintiff's favor." Ziegler, Ziegler & Assocs. LLP v. China Digital Media Corp., No. 05 Civ. 4960 (LAP), 2010 WL 2835567, at *2 (S.D.N.Y. July 13, 2010) (quotation marks and citation omitted).

Where, as here, subject matter jurisdiction is premised on diversity of citizenship, personal jurisdiction is analyzed using a two-step inquiry. First, the defendant must be "amenable to process under the law of the forum state." Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. BP Amoco P.L.C., 319 F.Supp.2d 352, 357 (S.D.N.Y. 2004) (citing Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 105 (1987) and Metro. Life, 84 F.3d at 567). Second, the exercise of jurisdiction must comport with due process principles. Id. (citing Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945)).

"When a defendant moves to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and also moves to dismiss on other grounds, the Court usually must consider the Rule 12(b)(1) motion first." Al-Ahmed v. Twitter, Inc., 553 F. Supp. 3d 118, 123-24 (S.D.N.Y. 2021) (citing Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990)). However, "a federal court faced with a 'straightforward' personal jurisdiction issue may decide the personal jurisdiction question first if resolving that issue terminates the case." Id. at 124 (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 588 (1999)).

## II. ANALYSIS

### A. Review of Judge Netburn's Report and Recommendation

As discussed above, Strandberg has moved to dismiss on various grounds, including (1) lack of personal jurisdiction, (2) lack of subject matter jurisdiction, (3) forum non conveniens, and (4) failure to state a claim. (Dkt. No. 27) In her R&R, Judge Netburn only addresses personal jurisdiction, and she recommends that this case be dismissed on that ground. (R&R (Dkt. No. 44))

In connection with his motion to dismiss, Strandberg has submitted a declaration stating that:

(1) in 2016, he began working as a consultant for Paxful's Estonian affiliate through a Finnish company that he owned (Strandberg Decl. (Dkt. No. 28) ¶ 4);

(2) Strandberg initially worked in Finland, but in 2017 he moved to Estonia, where he worked at Paxful's affiliate's offices (id. ¶ 5);

(3) after moving to Estonia, Strandberg consulted for Paxful through an Estonian company that he owned (id. ¶¶ 2, 6); and

(4) Paxful's Estonian affiliate is currently suing Strandberg and his Estonian company in Estonia for alleged breaches of non-compete and non-solicitation provisions in the contract for services that Strandberg's Estonian company entered into with Paxful's Estonian affiliate (id. ¶ 11).

5

Based on these representations, Strandberg argues that he lacks sufficient contacts with New York to permit the exercise of personal jurisdiction. (See Def. Br. (Dkt. No. 29) at 21-23; Def. Reply Br. (Dkt. No. 37) at 13-14)[1]

Paxful argues, however, that this Court may exercise personal jurisdiction over Strandberg pursuant to New York's long-arm statute, C.P.L.R. § 302. According to Paxful, although Strandberg was never physically present in New York during the relevant time period, "he had extensive communications about his profit share payments with Paxful executives and Finance Department employees[, who are] based in New York City." Paxful contends that these contacts are sufficient to confer personal jurisdiction, "especially where New York is Paxful's principal place of business, where it had the net profits that are the subject of this litigation, and where Paxful has suffered damages." (Pltf. Br. (Dkt. No. 36) at 12-15)

In considering these arguments, Judge Netburn accurately sets forth the standard for determining personal jurisdiction under N.Y. C.P.L.R. § 302:

> N.Y. CPLR § 302(a)(1) permits a court to exercise personal jurisdiction over an out-of-state party if that party "transacts any business within the state" and if the claim arises from these business contacts. CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986). "To meet the transacting business element under N.Y. C.P.L.R. § 302(a)(1), it must be shown that a party 'purposely availed [himself] of the privilege of conducting activities within New York and thereby invoked the benefits and protections of its laws . . . .'" D.H. Blair & Co.[ v. Gottdiener, 462 F.3d 95, 104 (2d Cir. 2006)] (quoting Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 787 (2d Cir. 1999)) (alterations in Bank Brussels Lambert). "To determine whether a party has 'transacted business' in New York, courts must look at the totality of circumstances concerning the party's interactions with, and activities within, the state." Id. (citation omitted).

(R&R (Dkt. No. 44) at 4-5)

---

[1] All references to page numbers in this Order are as reflected in this District's Electronic Case Files ("ECF") system.

6

Judge Netburn acknowledges that "[p]hysical presence is . . . not required for personal jurisdiction under CPLR § 302," but notes that a "non-resident defendant's contacts must nevertheless demonstrate that the defendant transacted business within the state." (Id. at 5 (emphasis omitted)) In this regard, Judge Netburn emphasizes that it is the quality – not the quantity – of such contacts that matters. (Id. at 5-6 (citing Parke-Bernet Galleries, Inc. v. Franklyn, 26 N.Y.2d 13, 17-18 (1970); Carlson v. Cuevas, 932 F. Supp. 76, 78-79 (S.D.N.Y. 1996); Deutsche Bank Sec., Inc. v. Mont. Bd. of Invs., 7 N.Y.3d 65, 71-72 (2006); and Fischbarg v. Doucet, 9 N.Y.3d 375, 380 (2007)))

Judge Netburn concludes that "Paxful fails to demonstrate that Strandberg's contacts with New York were of sufficient quality to justify CPLR § 302 jurisdiction." (Id. at 6) In this regard, Judge Netburn notes that "[t]he only contact Strandberg had with New York was some calls with Paxful employees concerning profit share payments he was paid for work that he performed in Estonia while working for Paxful's Estonian affiliate. This is not enough." (Id. (citing DirecTV Latin Am., LLC v. Park 610, LLC, 691 F. Supp. 2d 405, 420 (S.D.N.Y. 2010))) For similar reasons, Judge Netburn finds that Paxful has not shown that the exercise of personal jurisdiction comports with due process. (Id. at 7 (citations omitted)) Accordingly, Judge Netburn recommends that Strandberg's motion to dismiss be granted for lack of personal jurisdiction. (Id. at 8)

The R&R recites the requirement that the parties must file objections within fourteen days of service of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and that a "failure to file . . . timely objections will result in a waiver of those objections for purposes of appeal." (Id. at 8 (citations omitted); see also 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of a magistrate

7

judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations. . . ."); Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.")) Despite clear warning that a failure to file objections would result in a waiver of judicial review, neither side filed objections to Judge Netburn's R&R.

Because neither side filed objections to Judge Netburn's R&R, the parties have waived judicial review. The Court has nonetheless reviewed Judge Netburn's R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Netburn's R&R will be adopted in its entirety, and Paxful's claims against Strandberg will be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

## CONCLUSION

For the reasons stated above, Judge Netburn's R&R is adopted in its entirety, Strandberg's motion (Dkt. No. 27) is granted, and this case is dismissed without prejudice. The Clerk of Court is directed to terminate the motion (Dkt. No. 27), and to close this case.

Dated: New York, New York
September 28, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge